JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Willie Chandler, appeals his conviction for aggravated robbery in violation of R.C. 2911.01. Shortly after midnight one night in March, defendant and his friend Dashawn Eanes (robber) were in a car driven by Amy Waughman (driver). The driver pulled the car onto W. 50th and the robber got out and went into Steve's Lunch, a 24-hour restaurant on Lorain Avenue. Defendant, meanwhile, crossed Lorain and walked back and forth on the sidewalk across the street from the restaurant. The robber went inside and, after showing a gun to one of the waitresses, ordered them to give him the money out of the register. He told them he did not want to have to shoot them. The waitresses complied with his order, and he left. Once he was out of the restaurant, the waitresses could no longer see the robber. After the robber left the restaurant, defendant ran back across Lorain and got into the car. The three drove away.
 {¶ 2} At the same time that the robbery was taking place, the brother of one of the waitresses pulled up to the restaurant. He saw defendant pacing across the street, saw the robber leave the restaurant, and saw defendant run across the street to the car, and saw the two men get into the car, which then drove away. He went to the door of the restaurant, which the waitresses had locked, and his sister told him they had been robbed. He got back into his car and followed the car with the robber, driver and defendant to East 55th street, where the police stopped them. He was able to identify defendant because when crossing the street defendant had run directly in front of him.
 {¶ 3} Defendant, the robber, and the driver were all charged with aggravated robbery. Convicted by a jury, defendant appeals, claiming that his mere presence at the robbery scene is not sufficient to prove he was involved in the robbery. He states three assignments of error, the first of which follows:
"I. The trial court erred in denying appellant's criminal rule 29Motion for acquittal when there was insufficient evidence to prove theelements of aggravated robbery."
{ ¶ 4} At the close of evidence, defendant moved for acquittal pursuant to Crim.R. 29, which motion the court denied.
 {¶ 5} "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. To justify a conviction, therefore, the trial court assesses the evidence presented to determine whether that evidence, if believed, would prove each of the necessary elements of the crime.
 {¶ 6} The elements of aggravated robbery are found in R.C.2911.01.
"(A) No person, in attempting or committing a theft offense, as definedin section 2913.01 of the Revised Code, or in fleeing immediately afterthe attempt or offense, shall do any of the following:
 Have a deadly weapon on or about the offender's person or under theoffender's control and either display the weapon, brandish it, indicatethat the offender possesses it, or use it * * *."
 {¶ 7} Although defendant was not the gunman, he was charged with complicity under R.C. 2923.03(A)(2), which follows: "No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: * * * (2) Aid or abet another in committing the offense * * *." The state alleged that defendant was the lookout person for the robbery.
 {¶ 8} Both the driver and the waitress's brother testified that they saw defendant pace up and down across the street from the restaurant while the robbery took place. They also saw him run across the street to the car after the robbery. From this circumstantial evidence, reasonable minds could conclude that defendant was acting as a lookout for the robber. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. If defendant had indeed acted as the lookout for the robber, under the complicity statute he is equally culpable. Evidence supports, moreover, all the elements of aggravated robbery, specifically, that is, the use and display of a deadly weapon during the theft offense. The trial court did not err, therefore, in denying defendant's motion for acquittal. This assignment of error is without merit.
 {¶ 9} For his second assignment of error, defendant states:
"II. The appellant's convictions [sic] for aggravated robbery isagainst the manifest weight of the evidence."
 {¶ 10} Defendant argues that even if the evidence against him is sufficient to support a conviction, that conviction is against the manifest weight of the evidence. Defendant did not present any evidence, so this determination depends upon the state's case.
 {¶ 11} The standard for manifest weight differs from the standard for sufficiency. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 12} All reasonable inferences support the conclusion that defendant was acting as a lookout for the robber when he paced across the street from the restaurant. Defendant does not dispute that the evidence supports the elements of aggravated robbery. He disputes only his alleged role as a lookout for the robber.
 {¶ 13} The driver, a nineteen-year-old girl, testified that she had met defendant on the night of the robbery and was driving around with him and his friend, whom she had known for one week. At the time of her testimony, she had already pled to robbery in connection with the incident and was sentenced to two years probation and sixty hours of community service. She had no motivation, therefore, to lie about what happened to protect herself.
 {¶ 14} She testified that the three of them, the defendant, his friend, and herself, had driven to several places and she waited in the car while one or both of them left to attend to matters which they described as collecting debts. She explained that when they arrived at the area near the restaurant, she parked her car facing north on 50th
street and observed the men's activities through her rear-view mirror. After the men exited the car at the restaurant, she testified, defendant went across the street from the restaurant and "[t]ook a few steps to the left and a few step [sic] to the right." Reiterating this testimony on cross-examination, she stated that she did not notice where he was looking or what he was paying attention to.
 {¶ 15} She also testified that the men came back into her car and told her to drive away and the man charged with robbery threw something out the window on East 55th Street at the location where the police found the gun.
 {¶ 16} The testimony of the waitress's brother was consistent with the driver's in describing defendant pacing on the sidewalk across the street from the restaurant. The waitress's brother also testified that defendant was looking around while he walked back and forth. His deposition varied from his testimony on minor details such as to how many times defendant paced and which way he was facing, but was otherwise consistent with the driver's testimony on the main points. The waitress's brother also corroborated the driver's testimony that both the defendant and the robber jumped into the driver's car and drove away. Given the consistency in the two witnesses' testimony, we conclude the manifest weight of the evidence supports his conviction for his role in the crime. This assignment of error is without merit.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, P.J., and Anthony O. Calabrese, Jr., J., concur.